## BROWN v. WEAVER.

### 6 Div. 267.

Supreme Court of Alabama.

Oct. 5, 1933.

Rehearing Denied Nov. 2, 1933.

Foster, Rice & Foster, of Tuscaloosa, for appellant.

E. L. Dodson, of Tuscaloosa, for appellee.

FOSTER, Justice.

In this suit a bill in equity was filed by appellee, a married woman, to vacate a mortgage executed by her and her husband to appellant, upon the claim that it was given as security for her husband's debt, and that the land was her separate property.

The court heard the case on a trial in which the witnesses testified in open court and in the presence of the presiding judge, and a decree was rendered canceling the mortgage. We do not think it is necessary to discuss the evidence, but the preponderance supported the decree. Appellee did not, we think, contract the debt, nor get the benefit of it nor direct the disposition of the money advanced as its consideration.

It is claimed that she is estopped to set up her title against appellant. She is one of the heirs of C. M. Fondren, deceased. On March 17, 1923, the administrator of his estate conveyed to her and two of her brothers certain land of decedent. This deed is supposed to embrace all the land described in the mortgage, subject to what we will say in respect to thirteen acres. On the same day her two brothers conveyed to her all the land in the mortgage except thirteen acres. The deed was promptly recorded. On the following January 3, 1924, the same brothers conveyed to her and her husband all the land including the thirteen acres. Thereafter she and he jointly occupied it as a home and farmed it. When the transaction was had with appellant she made no representation and did no act to induce him to believe that she did not own it. On the contrary, the deeds were submitted to his lawyer, who advised him that they showed that she did own

it. There was no duty that she owed appellant to take some action in respect to the second deed. The two considered together showed her sole ownership, and he could not otherwise assume because of the second deed. We do not see in that situation any element of estoppel.

Therefore, as to all the tract, except the thirteen acres, we think the decree was correct. But we think that the thirteen acres need further consideration leading to somewhat different result from the decree.

We have shown it was not included in the deed first executed to appellee, in which she is the sole grantee, but is in the deed to her and her husband jointly. The bill does not seek a reformation of the deeds to include the thirteen acres in that one executed to her solely. It is content to allege that she owned the land as an inference from the facts shown by them and that her husband paid no consideration and that the deeds were intended to effect a division between her and her two brothers. But assuming that the pleading is sufficient to support such an equitable claim to the thirteen acres, appellant sets up in his answer that he had no notice of such claim, and that he advanced, to wit, $1,100 at the time he took the mortgage.

There is no evidence to show that appellant had notice that appellee had title to or claimed the land other than as shown by the deeds. The deed to her, not including the thirteen acres, being executed before that to her and her husband, took precedence over and was not affected by the latter. But it did not apparently take precedence to the extent of the thirteen acres.

We have said that the land had all been purchased at administrator's sale by appellee and her two brothers. But upon an examination of the deed we cannot say definitely that it embraces all the thirteen acres to which we have referred, nor what definite portion of it. That is a matter which should be determined upon further consideration and evidence, if further evidence on that subject is found necessary. If it is ascertained that such deed embraces the thirteen acres, appellee thereby acquired the title to an undivided one-third; for when the later deed was made by her two brothers, who were her cotenants in its ownership, it conveyed to her and her husband the undivided two-thirds interest which they had acquired from the administrator. Thereby appellee acquired one-third and her husband one-third. Since appellant acquired the title by his mortgage for a present valuable consideration, and no notice to him is shown that appellee claimed it other than as shown by the deeds, we see no reason why the mortgage is not good to the extent of an undivided one-third interest in the thirteen acres.

We think that there was error in the decree in not sustaining validity of the mortgage to the extent of the title acquired by J. B. Weaver in the thirteen acres by virtue of the deed to him and appellee dated January 3, 1924. Since we cannot determine very definitely from the record what that interest is, we think the cause should be remanded to the circuit court.

The burden is on the complainant to show the invalidity of the mortgage, and to show that the land is hers or to what extent it is. If it is not included in the administrator's deed to complainant and her two brothers, other considerations enter into the question. On this account we think the judgment should be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.